IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**AGRICO CHEMICAL COMPANY,**

      **Plaintiff,**

v.                                        Case No.: 3:04cv379/MCR

**THE WILLIAMS COMPANIES, INC.,**

      **Defendant.**

_____/

## ORDER OF REMAND

Defendant The Williams Companies, Inc., ("TWC") has filed a notice of removal in which it asserts federal question jurisdiction.[1] (Doc. 1). Presently before the court is the motion to remand filed by plaintiff Agrico Chemical Company ("Agrico") (doc. 9), to which TWC has responded in opposition (docs. 11, 13).[2] TWC has also filed a motion to amend or correct its notice of removal (doc. 41), which Agrico opposes (doc. 42). Upon consideration of TWC's and Agrico's written and oral arguments,[3] for the reasons that follow the court grants Agrico's motion to remand and denies TWC's motion to amend its notice of removal. Accordingly, this case is remanded to the Circuit Court in and for Escambia County, Florida.

---

[1] TWC maintains that it has reserved the right to object, and does object, to this court's exercise of in personam jurisdiction over it; according to TWC "it is a non-party to the [state] action" commenced by the plaintiff. TWC also asserts that it has reserved its right to object to venue and to move to abate or dismiss the instant lawsuit. (Doc. 1 at 1, n. 1 and n. 2).

[2] Also pending are TWC's contested motion to supplement the record (doc. 6), which the court grants nunc pro tunc, and TWC's amended motion to dismiss for failure to state a claim, which the court denies as moot in light of its finding that the case should be remanded (doc. 32).

[3] The court heard oral argument on the motion to remand on March 23, 2005.

**BACKGROUND**

The procedural and factual history pertinent to the instant dispute is lengthy and need not be recited in detail for purposes of this order. Put briefly, the significant facts underlying this matter are that

> On 15 February 1994, the United States, on behalf of the Environmental Protection Agency ("EPA"), filed a cost-recovery and cleanup action against Conoco, Inc. ("Conoco"), and Agrico Chemical Company ("Agrico") pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") . . . . [seeking to] recover costs incurred by the EPA and the Department of Justice for response actions taken at the Agrico Chemical Company Superfund Site ("Agrico Chemical Site") located at the northwest corner of Fairfield Drive and Interstate 110 in Pensacola, Florida. The Government also sought to implement a remedial action for treatment of the contaminated soils located on the Agrico Chemical Site.
>
> This Court entered a consent decree approving the EPA's selected remedial action on 3 May 1994. . . . In doing so, the Court retained jurisdiction over the lawsuit for the purpose of enabling any party to petition for any further relief necessary or appropriate for the construction or modification of the consent decree, to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with the dispute resolution clause. The consent decree was amended on 10 March 1997. . . . This amendment approved a second remedial action designed to monitor groundwater conditions as natural attenuation, flushing and dispersion of contaminants from the Agrico Chemical Site occur. . . .

Samples v. Conoco Inc., 165 F.Supp.2d 1303, 1306 (N.D.Fla. 2001) (outlining history of Agrico Chemical Company Superfund Site in order of remand). Additionally, concerns arose over potential health problems related to the contaminated, excavated soil being stored at the Agrico Chemical site, as well as existing contamination on the nearby site of the defunct Escambia Treating Company wood preserving plant. Based on these concerns, the EPA permanently relocated three hundred fifty-eight affected households in the neighborhood of the facilities. Id.

In the spring of 2001, certain property owners and others filed two class-action lawsuits in the Circuit Court in and for Escambia County. In Samples v. Conoco, Inc., No. 01-0631-CA-01, the plaintiffs asserted trespass, private nuisance, and strict liability claims

for damages, including restoration costs, against Conoco, Agrico, and Escambia Treating Co., Inc. Id. at 1307. In the second case, Williams v. Conoco, Inc., No. 01-000866-CA-01, the plaintiffs sought injunctive relief, in the form of medical monitoring, from TWC, Conoco, Agrico, and other defendants.[4] (See # 3, Williams v. Conoco, Inc., 3:01cv222/LAC (N.D.Fla. 2001)). In each of the two cases the defendants filed a notice of removal to this court, which were followed by a motion to remand filed by the plaintiffs in Samples and motions to dismiss filed by the defendants in Williams. (See Samples v. Conoco, Inc., Case No. 3:01cv149/LAC (N.D.Fla. 2001), and Williams v. Conoco, Inc., 3:01cv222/LAC (N.D.Fla. 2001)). In the Samples case, district judge Lacey A. Collier granted the motion to remand on August 7, 2001, finding that the court did not have subject matter jurisdiction because, inter alia, the plaintiffs' claims did not arise under CERCLA, the All Writs Act did not support removal, and there was no fraudulent joinder. See Samples, 165 F.Supp.2d at 1322. After Judge Collier granted the motion to remand in Samples, the defendants in Williams withdrew their notice of removal and requested the entry of an order of remand, which request Judge Collier granted. (See # 54 and # 55, Case No. 3:01cv222/LAC). Thus both Samples and Williams were remanded to the Circuit Court in and for Escambia County, Florida.

According to the representations made by the parties in the instant case during oral argument and in their respective memoranda and attached exhibits, following the August 2001 remands Conoco, TWC, and Agrico entered into a "Joint Defense and Limited Cost-Sharing Agreement." (See doc. 9, exh. 1) (sealed document). The parties also signed a "Tolling Agreement," which, among other matters, provides for alternative dispute resolution ("ADR") through binding arbitration. (Doc. 6, exh. 10-A).[5] In April 2004 the

---

[4] TWC was not named as a defendant in Samples. Also, although TWC was initially named as a defendant in Williams, in July 2003 plaintiffs elected to voluntarily dismiss TWC and certain other entities as defendants in that case. (See doc. 6, exh. 27, p. 45; see also doc. 9 at 3, n. 2).

[5] The title of the former agreement is indicative of its contents. As to the tolling agreement, pursuant to its terms the parties agree to refrain from asserting cross-claims against each other in the pending state court litigation, to toll the applicable statutes of limitations governing such claims, and to submit the claims to a three-step binding ADR procedure. The three steps of the ADR procedure include (1) a meeting by senior management; (2) nonbinding mediation if the informal meeting is not successful; and (3) binding arbitration

litigants in Samples and Williams came to a settlement, with the state court retaining jurisdiction to administer a fairness hearing and grant final approval of the settlement.  On June 28, 2004, Agrico filed its initial "Motion to Compel Arbitration" in the Samples case. In its motion Agrico seeks to compel TWC to proceed to mediation and arbitration, under the terms of the tolling agreement, with respect to Agrico's claims for contribution and indemnification related to the settlement.  (Doc. 6, exh. 2).  Agrico filed an amended motion to compel (id., exh. 10, filed August 6, 2004), to which TWC responded  – through a special appearance – by moving to quash service of process and to dismiss Agrico's motion to compel on the ground of lack of personal jurisdiction. (Id. at exh. 15).

      The state court held a hearing on TWC's motion to quash on August 26, 2004, and on September 2, 2004, it heard Agrico's motion to compel.  At the hearing on the motion to quash the court stated that it found TWC met the minimum contacts required for personal jurisdiction.  The court therefore "specifically den[ied] The Williams Companies' motion."  (Doc. 6, exh. 6, pp. 26-27; 44-47).  Also, the hearing on the motion to compel arbitration the court was dismissive of TWC's contention that the tolling agreement was null and void.  The court stated that it "specifically reject[ed] the claims of The Williams Company that the issues are not subject to [resolution under] section 7 [of the tolling agreement] or they're not – they haven't been adequately noticed of the subject of the claims or that resolution under section 7 is unavailable to those matters which are sought to be considered." (Doc. 6, exh. 28, p. 59).  At the time of removal, however, the court had not entered written orders as to any matters it may have addressed from the bench during these hearings.  (See transcripts at doc. 6, exhs. 26 and 27).  On October 21, 2004, the state court entered an order in Samples in which it sua sponte severed Agrico's action to compel arbitration.  (Doc. 4, exh. 1).  In the severance order the court stated that it did so

---

if steps one and two fail. Among other provisions, the tolling agreement also states that it does not modify, limit, or supercede the scope, applicability, terms and conditions of (including allocation of liability, costs, or expenses, or indemnification) under documents known as the February 1, 1972 Asset Purchase Agreement [under which Agrico, a wholly owned subsidiary of TWC, purchased assets (including the Agrico Chemical Site) from Conoco]; the 1987 Asset Purchase Agreement [under which Freeport McMoRan Resource Partners, Limited Partnership, purchased certain assets of Agrico], and the September 22, 1992 Group Response Action Participation and Settlement Agreement.

in the interest of judicial economy, in light of the "volume and complexity of the instant case file." (Id. at 1). The court directed that the new case – which is the underlying state action in the instant matter – should be captioned Agrico Chemical Company v. The Williams Companies and be assigned a separate case number.

On November 3, 2004, TWC filed its notice of removal of the newly severed action, asserting as grounds for removal that one or more of Agrico's claims derive under federal law. According to TWC, federal question jurisdiction lies because "the basis of Agrico's claim for contribution and indemnification stem[s] from Agrico's underlying claims arising under [CERCLA]." (Doc. 1 at 7). Agrico then filed its motion to remand pursuant to 28 U.S.C. § 1447, primarily arguing that no federal question is presented by its motion to compel arbitration. (Doc. 11). Agrico also contends that the notice of removal is untimely and that removal is precluded by prior rulings made by the state court and Judge Collier, which constitute the law of the case.

**LEGAL STANDARD**

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Accordingly, a defendant can remove any civil action filed in state court provided that federal question or diversity jurisdiction exists. A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal, as a matter of fact and law. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Nevertheless, because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule, under which rule a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. See Caterpillar, 482 U.S. at 392. Under this rule, a case may be removed based on federal question jurisdiction "'only

when the plaintiff's statement of his own cause of action shows that it is based' on federal law." BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 854 (11th Cir. 1999) (citation omitted). This rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Board of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983)); see also Kemp v. International Business Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997). One exception to the well-pleaded complaint rule is that a plaintiff cannot avoid federal jurisdiction by "omitting to plead necessary federal questions in a complaint." Franchise Tax Board, 463 U.S. at 22. Further, where state law creates the cause of action, the case "might still 'arise under' the laws of the United States if a well-pleaded complaint established that [the] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Board, 463 U.S. at 13. A case may also arise under the laws of the United States where federal law completely preempts the state law claim. See id. at 24.

**DISCUSSION**

Agrico argues in its motion to remand that nothing in the motion to compel arbitration it filed in the state action gives rise to a federal question: TWC's involvement in a federally approved clean-up and remediation plan under CERCLA does not "imbue" the motion to compel with a federal question; a federal question is not raised by the state court's proper application of Florida's long-arm statute to a nonresident whose conduct pertains to that plan; and no federal question arises simply because the parties might, in the arbitration procedure, rely on arguments or defenses that relate to TWC's conduct during the clean-up activities. (Doc. 9). Furthermore, Agrico contends, removal is precluded under the law of the case doctrine, given the state court's findings that TWC is subject to personal jurisdiction in Florida and that the tolling agreement constitutes an

enforceable agreement to arbitrate, as well as Judge Collier's prior remand "of the very claims and controversy that are the basis for Agrico's 'Motion to Compel Arbitration.'" Agrico also argues that the notice of removal is untimely, as it was due to be filed within thirty days of the initial filing of the motion to compel on June 28, 2004, but was not brought until November 3, 2004. Finally, Agrico also seeks an award of costs and attorneys' fees for TWC's allegedly improper removal of this case.

In its notice of removal TWC submits that, unlike the state-law claims at issue in the Samples case before Judge Collier, "the indemnification provision that Agrico relies upon is unquestionably related to the underlying Consent Decree and the resulting federal Superfund remediation plan and clean-up." (Id. at 10). Furthermore, TWC submits, a significant federal question – from the standpoint of both law and public policy – is presented by Agrico's contention that TWC's involvement in the EPA-mandated remediation plan satisfies the minimum contacts requirement such that TWC is subject to personal jurisdiction in the state court. TWC argues that, to the contrary, what amounts to its voluntary participation in the plan does not constitute the necessary contact. And, according to TWC, "if a voluntary participant is or may be subject to personal jurisdiction in the state which the Superfund Site exists, such a result will have a 'chilling effect' on any company in the future voluntarily participating in a CERCLA clean-up and remediation plan if that company was not the source of the contamination." (Doc. 1 at 10). TWC argues that Agrico's motion to remand should be denied because (1) Agrico admits, through its motion and attached exhibits, that "the amount it paid to settle the Samples and Williams class action suits and which it seeks to recover from TWC is grounded in TWC's obligations with respect to the CERCLA mandated clean-up costs and remediation plan for the Agrico Pensacola Superfund Site" (doc. 11 at 12); (2) Agrico's motion to compel employs artful pleading as the motion is "intentionally devoid of certain statements in order to disguise the federal issue as a state law claim" and thus Agrico cannot rely on the "well-pleaded complaint rule" (id. at 18); (3) at the time of removal the state court had not entered written orders with respect to the motion to quash or the motion to compel and

thus no law of the case exists as to matters; and (4) removal was timely because the notice was filed within thirty days of the date of severance.

The court first briefly addresses the parties' arguments concerning the law of the case doctrine and timeliness. The doctrine of law of the case provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). This "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled disputes." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). In the instant matter, the court is persuaded that the doctrine is not applicable with respect to the state court's statements at the August 26, 2004, and September 2, 2004, hearings conducted on the motions to quash service of process and to compel arbitration. As noted previously, at the time of removal the state court had entered no written orders on either motion. Even assuming that the law of the case doctrine does not depend on the issuance of a final written order, the analysis of "finality," as Agrico acknowledges, should center on whether "an earlier determination intended to put a matter to rest." (Doc. 9 at 17, n. 11) (citing 18A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 4434 (2d ed. 2002)). This court has reviewed the transcripts of the August 26, 2004, and September 2, 2004, hearings. It concludes that while the state court made certain statements – which might be read as findings or perhaps even rulings – it cannot say that by those statements the state court categorically intended to put to rest the issues raised in the motions. Indeed, statements made by the court during the September 2 hearing suggest that it was continuing to consider the implications of many of the jurisdictional issues before it; also, the transcript of a status conference conducted October 22, 2004, indicates that the court noted it had not actually "enunciated an order" on the motion to compel arbitration but rather had simply "pronounced [its] inclinations . . . ." (doc. 11, exh. 10, pp. 75-76).

The court also concludes that the law of the case doctrine is not applicable with respect to Judge Collier's ruling in Samples. The Eleventh Circuit has noted that the

doctrine does not bind nonparties, <u>Klay v. All Defendants</u>, 389 F.3d 1191, 1198, n. 5 (11th Cir. 2004), and it is undisputed that TWC was not a named party to the <u>Samples</u> case. Nevertheless, to the extent the instant matter can be considered a "subsequent proceeding" of <u>Samples</u>, the decision in that case constitutes precedent which this court is obliged to follow in addressing like issues. <u>Id.</u>; <u>Morrow v. Dillard</u>, 580 F.2d 1284, 1289 (5th Cir.1978) (stating that a court's prior decision "establishes a precedent" which the court "will, normally, apply to the same issues in subsequent proceedings in the same case.").

As to the timeliness issue, 28 U.S.C. § 1446(b) provides

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

As held by Judge Collier in <u>Samples</u>, the case stated by the initial pleadings was not removable; thus in order to be timely the notice of removal in this case must have been filed within thirty days from TWC's receipt of a copy of a paper from which it could first be ascertained that the case had become removable. Here, the court concludes that the initial motion to compel, filed June 28, 2004, in the state court action (<u>see</u> doc. 6, exh. 2) was a motion from which TWC could have made its determination that the case had become removable. The notice of removal filed by TWC therefore should have been filed no later than July 28, 2004. Accordingly, the filing of the notice on November 3, 2004, was untimely.

Next, the court considers whether subject matter jurisdiction lies due to the existence of a federal question. As explained below, the court concludes that it does not.

Agrico's claims with respect to compelling arbitration necessarily bear a factual connection to TWC's obligations under the CERCLA clean-up and remediation plan. The court does not agree, however, that Agrico's motion to compel arbitration consequently is the equivalent of a CERCLA contribution claim against TWC nor a challenge to the 1994 consent decree. Rather, on its face and in fact, the motion presents the issue of whether

the parties have a binding agreement to arbitrate Agrico's claims against TWC arising from the settled class action tort cases of Samples and Williams. See BLAB T.V., 182 F.3d at 854 (stating that removal is proper "'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law."). According to TWC, Agrico's instant claims are "grounded" in TWC's obligations under CERCLA. The same may fairly be said, however, of the plaintiffs' property claims in Samples, in which case Judge Collier found that no federal question was presented. Similarly, this court finds that no federal question derives from Agrico's efforts to be indemnified for costs arising those very same property claims. In short, the court agrees that Agrico's contractual right of indemnification, as set forth in the tolling agreement, is not "bound in any federal CERCLA matter." Furthermore, for the reasons set forth in Agrico's motion, the court concludes that even if Agrico's rights "were so tied, it would not compel this Court's jurisdiction over either whether the parties agreed to arbitrate the indemnification dispute or the resolution of that dispute itself." (Doc. 9 at 14-17).

Nor has TWC demonstrated that the well-pleaded complaint rule should not apply because, through artful pleading in its motion to compel, Agrico has failed to acknowledge the presence of necessary federal questions represented by the CERCLA issues. While no doubt issues involving CERCLA arose during the resolution of the state actions and likely will be implicated in resolving the severed action, as indicated above, the court does not view them as "necessary federal questions" such that federal jurisdiction lies. Further, the court does not agree that the issue of "[w]hat constitutes minimum contacts and the effect it can have on the application of CERCLA . . . clearly is a [substantial] federal question for this Court – not the state Circuit Court – to decide." (Doc. 11 at 19). Whether TWC is subject to Florida's long-arm statute is a matter of state law for the state court to decide. Moreover, this court does not perceive a public policy concern in this case arising from whether an entity such as TWC (which contends it voluntarily participated in the CERCLA clean-up and remediation plan) should be subject to personal jurisdiction in Florida due to concerns of a "chilling effect" on such voluntary conduct in the future. The record does not reflect that TWC acted "voluntarily" in the clean-up and remediation matter.

Case No. 3:04cv379/MCR

Regardless, even if a valid policy concern did exist in this case, the court concludes that addressing such a concern would be more properly within Congress' province through legislative action than within this court's province through judicial fiat. Additionally, as both TWC and Agrico note, it appears that no case law exists with regard to TWC's public policy argument. TWC contends that the lack of authority on the issue does not therefore render it an "absurdity," as Agrico apparently would have it, but rather a matter of first impression "which the [c]ourt <u>must</u> hear in conjunction with its having expressly retained subject matter jurisdiction over the EPA Consent Decree . . . " (Doc. 11 at 21) (emphasis added). As discussed, the court does not agree that the instant matter is one presenting a federal question under CERCLA; consequently the court's retained subject matter jurisdiction is not implicated. That Agrico referenced the consent decree or the EPA's records of decision in its motion to compel does not alter this conclusion.

In sum, for all of the foregoing reasons, the court rejects TWC's contention that Agrico's motion to compel arbitration presents a federal question.[6]

---

[6] The court denies TWC's motion to amend its notice of removal to allege federal officer jurisdiction under 28 U.S.C. § 1442(a)(1), which motion the court finds merits little discussion. First, the motion to amend is untimely brought. <u>See</u> 28 U.S.C. § 1653; <u>see also</u> American Educators Financial Corporation v. Bennett, 928 F.Supp. 1113, 1115 (M.D.Ala. 1996) (noting that after the thirty day period for freely amending under § 1447 has expired a party may only amend defective allegations of jurisdiction pursuant to § 1653, which does not permit a removing party to assert additional grounds of jurisdiction not included in the original pleading), and 14A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, <u>Federal Practice and Procedure</u>, § 3733 at 358-61 ("[T]he notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice . . . . Completely new grounds for removal may not be added and missing allegations may not be furnished, however." (footnotes omitted)). Second, the motion to amend in fact is an improperly filed supplemental pleading. <u>See</u> Fed.R.Civ.P. 15(d).

Finally, the federal officer removal statute is not applicable in the case at bar which, at its core, involves an arbitration agreement. A private corporation such as TWC is entitled to remove a case under § 1442(a)(1) if it can show: (1) that it acted under the direction of a federal officer; (2) that there is a causal nexus between the plaintiff's claims and the acts the private corporation performed under the federal officer's direction; and (3) that there is a colorable federal defense to the plaintiff's claims. <u>See</u> Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 398-400 (5th Cir. 1998). In connection with Agrico's claim to enforce an arbitration agreement, TWC has not advanced – and is unable to advance – a plausible, "colorable defense arising out of [its] duty to enforce federal law." <u>Mesa v. California</u>, 489 U.S. 121, 133, 109 S.Ct. 959, 966-67, 103 L.Ed.2d 99 (1989) (quotation omitted). Nor has TWC established the necessary causal connection between its conduct under the asserted official authority and Agrico's action against it. <u>See Magnin v. Teledyne Cont'l Motors</u>, 91 F.3d 1424 (11th Cir. 1996).

Case No. 3:04cv379/MCR

Remaining is the matter of attorneys' fees and costs.  Pursuant to section 1447(c), upon ordering remand this court may, in its discretion, award attorney fees to the party opposing removal for fees incurred as a result of the removal.  See Diebel v. S.B. Trucking Co., 262 F.Supp.2d 1319, 1333 (M.D.Fla. 2003); see 28 U.S.C. § 1447(c) (stating that "[a]n order remanding the case may require payment of just costs and any actual expenses, included attorney fees, incurred as a result of the removal.").   Although a plaintiff is not required to prove bad faith removal under § 1447(c) in order to be awarded attorney's fees, the trial court need not grant an award of attorneys' fees whenever an effort to remove fails.  See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).  Nevertheless, the award of costs is proper when the removal motion lacks bona fides.  See 14C Charles Alan and Arthur R. Miller, Federal Practice and Procedure, § 3739 ("The district court will be inclined to order the payment of costs under Section 1447(c) when the non-removability of the action should have been obvious . . . "). In the instant case, the court finds that TWC's decision to attempt removal was not an objectively reasonable one: the non-removability of the action should have been obvious to TWC at the outset due to the lack of a sound basis in law for TWC's arguments.[7]   See Diebel, 262 F.Supp.2d at 1333.  Therefore, the court grants Agrico's request for attorneys' fees and costs.

Accordingly, it is ORDERED:

1.	The Williams Companies' motion to amend its notice of removal (doc. 41) is DENIED.

2.	The Williams Companies' motion to supplement the record (doc. 6) is GRANTED, nunc pro tunc.

3.	Agrico's motion to remand (doc. 9) is GRANTED, to the extent that the above entitled action is hereby REMANDED to the Circuit Court in and for Escambia County, Florida.  The motion is also GRANTED, insofar as Agrico seeks an award of all attorneys'

---

[7]   Approximately nine months have elapsed since TWC filed its notice of remand and Agrico filed its motion to remand.  The court regrets the delay in entering the instant order.  Unfortunately, however, that this matter is not removable is a finding the court could properly make only after the expenditure of considerable time and resources in navigating the labyrinth of arguments presented by TWC and the attendant voluminous record.

Case No. 3:04cv379/MCR

fees and costs incurred in opposing the attempted removal.  Determination of the amount of the fees shall proceed pursuant to the provisions of N.D.Fla.Loc.R. 54.1(E).

    4.    The Williams Companies' amended motion to dismiss for failure to state a claim (doc. 32) is DENIED as moot.

    5.    The clerk is directed to send a certified copy of this order to the clerk of the Circuit Court in and for Escambia County, Florida.

**DONE and ORDERED** on this 23rd day of August, 2005.

                                                  *s/ M. Casey Rodgers*
                                                  **M. CASEY RODGERS**
                                      **UNITED STATES DISTRICT JUDGE**